# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors.<br><br>―――<br><br>ALAMEDA RESEARCH LTD.<br><br>Plaintiff,<br><br>-against-<br><br>VOYAGER DIGITAL, LLC; HTC TRADING INC.<br><br>Defendants. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br><br><br>Adv. Pro. No. 23-_____(JTD) |

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

Plaintiff Alameda Research Ltd. ("Plaintiff" or "Alameda") brings this complaint (the "Complaint") against Voyager Digital, LLC and HTC Trading Inc. (collectively, the "Defendants") and alleges the following based upon personal knowledge as to itself and its own acts, and upon information and belief as to all other matters:

## NATURE OF THE CASE

1. This is an adversary proceeding (the "Adversary Proceeding") brought by Plaintiff pursuant to Sections 547 and 550 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), seeking to avoid and recover from the Defendants, or from any

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.002-W0069845.2}

other person or entity for whose benefit the transfers were made, all transfers of property of Plaintiff during the ninety (90) day period (the "Avoidance Period") prior to commencement of the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases" and each a "Chapter 11 Case"), and after the commencement of the Voyager Chapter 11 Cases (as defined below).[2]

2. The collapse of Alameda and its affiliates amid allegations that Alameda was secretly borrowing billions of FTX-exchange assets is widely known. Largely lost in the (justified) attention paid to the alleged misconduct of Alameda and its now-indicted former leadership has been the role played by Voyager and other cryptocurrency "lenders" who funded Alameda and fueled that alleged misconduct, either knowingly or recklessly. Voyager's business model was that of a feeder fund. It solicited retail investors and invested their money with little or no due diligence in cryptocurrency investment funds like Alameda and Three Arrows Capital. To that end, Voyager lent Alameda hundreds of millions of dollars' worth of cryptocurrency in 2021 and 2022.

3. Following the commencement of its chapter 11 cases, Voyager demanded repayment of all of its outstanding loans to Alameda, including, in some instances, prior to stated maturity dates. Voyager was repaid in full.

4. This Adversary Proceeding seeks to recover those funds preferentially transferred to Voyager prior to the Alameda Petition Date for the benefit of Alameda's creditors. The preferential transfers were made after the commencement of the Voyager Chapter 11 Cases and are therefore recoverable by Plaintiff on an administrative priority basis pursuant to sections 503 and 507 of the Bankruptcy Code.

---

[2] As discussed below, because this Complaint asserts claims against Voyager that arose after the commencement of the Voyager Chapter 11 Cases, the automatic stay under Section 362 of the Bankruptcy Code in the Voyager Chapter 11 Cases does not apply to or bar this action. 11 U.S.C. § 362(a)(1).

5.  Plaintiff has reviewed the transfers made to the Defendants during the Avoidance Period and has determined that the transfers set forth on **Exhibit A** in the aggregate amount of no less than approximately $445.8 million were made by Plaintiff to or for the benefit of one or more Defendants and are avoidable under Section 547 of the Bankruptcy Code, and must be returned on an administrative priority basis.

6.  During the course of this Adversary Proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendants during the Avoidance Period that are avoidable under Section 547 of the Bankruptcy Code. Plaintiff intends to avoid and recover all such transfers made to or for the benefit of the Defendants or any other transferee during the Avoidance Period. Plaintiff reserves the right to amend this Complaint to include, without limitation: (i) further information regarding the Transfers (as defined below), (ii) additional transfers made during the Avoidance Period, (iii) additional plaintiffs, (iv) modifications of and/or revision to the Defendants' names, (v) additional defendants, and (vi) additional causes of action, if applicable (collectively, the "Amendments"), that may become known at any time during this Adversary Proceeding, through formal discovery or otherwise, and intend for any such Amendments to relate back to this Complaint.

## JURISDICTION AND VENUE

7.  This Adversary Proceeding relates to Plaintiff's Chapter 11 Case filed with this Court on November 11, 2022 (the "Alameda Petition Date").[3]

---

[3] November 11, 2022 is the Petition Date for all of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors" and each, a "Debtor"), except for Debtor West Realm Shires Inc. whose Petition Date is November 14, 2022.

8. The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

9. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1409 and venue in this Court is consistent with the interests of justice, judicial economy and fairness. Courts typically defer to a plaintiff's choice of forum. In addition, this Adversary Proceeding asserts claims arising under section 547 of the Bankruptcy Code and belonging to Plaintiff as a debtor-in-possession in a chapter 11 proceeding, and therefore should be heard by the Bankruptcy Court overseeing its chapter 11 proceedings. This Court's extensive familiarity with the facts and background of these Chapter 11 Cases and the likelihood that the Court will be presiding over other avoidance actions brought by the Debtors' estates supports this Court adjudicating this action. Accordingly, Plaintiff submits that this Court is the proper venue for this Adversary Proceeding.

11. This is an adversary proceeding commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure because at a minimum, this matter is a proceeding to recover money or property belonging to the Plaintiff's chapter 11 estate. Fed. R. Bankr. P. 7001(1).

12. Pursuant to rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), Plaintiff consents to the entry of a final order or judgment by the Court on these claims

to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

13. Plaintiff Alameda Research Ltd. is a company organized under the laws of the British Virgin Islands. No trustee has been appointed for Plaintiff in the Chapter 11 Cases and Plaintiff continues to operate its business and manage its properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. Accordingly, Plaintiff has the authority to file this Complaint commencing, and thereafter to prosecute, this Adversary Proceeding.

14. Defendant Voyager Digital, LLC ("Voyager Digital", and with its debtor-affiliates, "Voyager") is a limited liability company organized under the laws of the state of Delaware. Voyager Digital is a debtor and debtor-in-possession in its chapter 11 proceeding in the U.S. Bankruptcy Court for the Southern District of New York (the "SDNY Bankruptcy Court").[4] As described herein, this Complaint asserts claims against Voyager Digital that arose after the Alameda Petition Date and, necessarily, after the commencement of the Voyager Chapter 11 Cases, and therefore the automatic stay under Section 362 of the Bankruptcy Code in the Voyager Chapter 11 Cases does not apply to or bar this action.

15. Defendant HTC Trading Inc. ("HTC") is a corporation organized under the laws of the Cayman Islands. HTC is not a debtor in the Voyager Chapter 11 Cases.

## FACTUAL BACKGROUND

16. On July 5, 2022 (the "Voyager Petition Date"), Defendant Voyager Digital and certain of its affiliates filed voluntary petitions for relief under title 11 of the Bankruptcy

---

[4] *In re Voyager Digital Holdings, Inc., et al.*, Case No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 5, 2022) (as jointly administered, the "Voyager Chapter 11 Cases")

Code in the SDNY Bankruptcy Court. Prior to the Voyager Petition Date, the Defendants provided certain cryptocurrency loans to Plaintiff pursuant to (i) a Master Loan Agreement, dated September 2, 2021, by and between Plaintiff, as borrower, and Defendants, as lenders, and (ii) loan term sheets between Plaintiff and Defendants, (each such term sheet, a "Loan Term Sheet").

17. As of the Voyager Petition Date, Plaintiff was party to ten (10) individual Loan Term Sheets with Defendants providing the material terms of the corresponding loan (each, an "Alameda Loan" and collectively, the "Alameda Loans").

18. After the Voyager Petition Date, on or around September 6, 2022, Defendant Voyager Digital requested that Plaintiff repay certain Alameda Loans in the form of cryptocurrencies with an approximate value of $248.8 million as of the date of payment, which Plaintiff repaid to one or more Defendants (each, a "September Transfer", and collectively, the "September Transfers").[5]

19. On September 12, 2022, Voyager filed the *Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Return Collateral and (II) Granting Related Relief* [SDNY Docket No. 402] (the "Unwind Motion") with the SDNY Bankruptcy Court seeking entry of an order authorizing Defendant Voyager Digital to return to Plaintiff certain cryptocurrency belonging to Plaintiff, but held by Defendant Voyager Digital as purported collateral (the "Purported Collateral").[6] Plaintiff has to date been unable to determine whether (i) Defendants held a valid and effective lien or security interest in any of the Purported Collateral at any time, (ii) whether any of the Purported Collateral validly secured or attached to

---

[5] The September Transfers consisted of (i) 220,000,000 DOGE; (ii) 105,000 ETH; (iii) 600,000 LINK; (iv) 81,000 LTC; (v) 700,000 LUNC; (vi) 4,900,000 SAND; (vii) 50,000,000 USDC; and (viii) 2,000,000 VGX.

[6] The Purported Collateral consisted of (i) 4,650,000 FTT find (ii) 63,750,000 SRM.

any obligations of Plaintiff or any other party, including any Alameda Loan, and (iii) whether the value of the Purported Collateral would provide Defendants with any recovery in a hypothetical chapter 7 liquidation of Alameda.

20.     On September 19, 2022, Plaintiff and Defendants executed a payoff letter providing for the repayment of the Alameda Loans that remained outstanding after the September Transfers (the "October Loans"), as well as certain unpaid and outstanding loan fees owed by Plaintiff on account of previously repaid Alameda Loans (the "Outstanding Loan Fees") and the return of the Purported Collateral.

21.     On or around October 17, 2022, in accordance with the Unwind Motion, Plaintiff repaid the October Loans (each, an "October Transfer," and collectively, the "October Transfers"),[7] and the Outstanding Loan Fees[8] and Defendant Voyager Digital returned the Purported Collateral to Plaintiff. The October Transfers had an approximate value of $190.6 million as of the date of payment, and the Outstanding Loan Fees had an approximate value of $3.3 million as of the date of payment.

22.     In addition to the material loan repayments described above, on or around August 15, 2022, Plaintiff paid to one or more Defendants accrued and unpaid interest on the outstanding Alameda Loans in the form of cryptocurrencies with a value as of such date of approximately $3.2 million (the "August Interest Payment", and together with the September Transfers and October Transfers, the "Transfers").[9]

---

[7] The October Transfers consisted of (i) 6,500 BTC and (ii) 50,000 ETH.

[8] The Outstanding Loan Fees consisted of (i) 1,972.600137 VGX; (ii) 319.558082 LTC; (iii) 3,550.684247 LINK; (iv) 1,301,917.81 DOGE; (v) 45,912.32644 SAND; (vi) 7,939.726301 LUNC; (vii) 493,150.6842 USDC; (viii) 53.423288 BTC; and (ix) 1,204.386849 ETH.

[9] The August Interest Payment consisted of (i) 33.123288 BTC; (ii) 1,121,095.890411 DOGE; (iii) 921.506849 ETH; (iv) 3,057.534247 LINK; (v) 275.178082 LTC; (vi) 6,836.986301 LUNC; (vii) 39,535.616438 SAND; (viii) 424,657.534247 USDC; and (ix) 1,698.630137 VGX.

23. In accordance with Bankruptcy Code Section 547(b), Plaintiff has analyzed available information and hereby seeks to avoid all of the Transfers as set forth on **Exhibit A** as it reasonably believes all of such Transfers are avoidable after giving effect to Defendants' known or reasonably knowable affirmative defenses under Section 547(c) of the Bankruptcy Code.

## CAUSES OF ACTION

### COUNT ONE
### PREFERENCE CLAIM PURSUANT TO 11 U.S.C. § 547

24. The allegations in paragraphs 1 through 23 are adopted as if fully set forth herein.

25. Plaintiff made the Transfers to Defendants within the Avoidance Period, as more specifically described in **Exhibit A**.

26. Each of the Transfers to the Defendants was a transfer of property of Plaintiff as indicated on **Exhibit A**.

27. Each of the Transfers was made to or for the benefit of one or more of the Defendants.

28. With respect to each of the Transfers made to Defendants, Defendants were creditors of Plaintiff with respect to which such Transfer was made (within the meaning of 11 U.S.C. § 101(10)), or, alternately, Defendants received such Transfer for the benefit of a creditor or creditors of Plaintiff.

29. Each of the Transfers to the Defendants was made on account of an antecedent debt owed by the Plaintiff to the Defendants with respect to which such Transfer relates.

30. The Transfers were made within ninety (90) days of the Alameda Petition Date.

31. Each of the Transfers was made while the Plaintiff was insolvent.

32. Each of the Transfers enabled Defendants to receive more than the Defendants would have received if (i) the Plaintiff's Chapter 11 Case was a case under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made, and (ii) the Defendants received payment on account of the debt paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

33. As of the date hereof, the Defendants have not returned any of the Transfers to Plaintiff.

34. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

## COUNT TWO
## PROPERTY RECOVERY PURSUANT TO 11 U.S.C. § 550

35. The allegations in paragraphs 1 through 34 are adopted as if fully set forth herein.

36. As alleged above, Plaintiff is entitled to avoid the Transfers under Section 547 of the Bankruptcy Code.

37. As Defendants are the initial, immediate, or mediate transferees of the Transfers, Plaintiff is entitled to receive for its bankruptcy estate the value of the Transfers under Section 550 of the Bankruptcy Code plus interest thereon at the maximum legal rate and costs to the fullest extent allowed by applicable law.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests this Court:

38. Enter an order that the Transfers are avoidable preferential transfers under 11 U.S.C. § 547, and that Plaintiff is entitled to recover the Transfers under 11 U.S.C. § 550;

39. Award Plaintiff no less than $445.8 million (plus the value of any additional avoidable transfers Plaintiff learns, through discovery or otherwise, were made to the Defendants during the Avoidance Period);

40. Award Plaintiff its attorneys' fees, pre- and post-judgment interests, and costs of suit; and

41. Award Plaintiff all other relief, at law or equity, to which it may be entitled.

Dated: January 30, 2023
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail:  landis@lrclaw.com
           brown@lrclaw.com
           pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Stephen Ehrenberg (*pro hac vice* to be filed)
Alexa J. Kranzley (admitted *pro hac vice*)
Benjamin S. Beller (*pro hac vice* to be filed)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:  dietdericha@sullcrom.com
           bromleyj@sullcrom.com
           gluecksteinb@sullcrom.com
           ehrenbergs@sullcrom.com
           kranzleya@sullcrom.com
           bellerb@sullcrom.com

*Counsel for the Debtors
and Debtors-in-Possession*