# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered) |
| FTX RECOVERY TRUST,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>SKYBRIDGE CAPITAL II, LLC, SKYBRIDGE GP HOLDINGS LLC, DIGITAL MACRO FUND LP f/k/a SKYBRIDGE COIN FUND LP, SALT VENTURE GROUP LLC, ANTHONY SCARAMUCCI, and BRETT MESSING,<br><br>　　　　　　　　　Defendants. | Adv. Pro. No. 24-50209 (KBO) |

### PLAINTIFF'S MOTION TO EXCEED PAGE LIMIT WITH RESPECT TO ITS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL AND TO DISMISS AND/OR STAY

Plaintiff FTX Recovery Trust ("Plaintiff") submits this *Motion of Plaintiff to Exceed Page Limit with Respect to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Compel Arbitration and to Dismiss and/or Stay* (the "Motion"). In support of the Motion, Plaintiff states as follows:

### BACKGROUND

1. On November 8, 2024, Debtors FTX Trading Ltd., Island Bay Ventures Inc., and Clifton Bay Investments LLC f/k/a Alameda Research Ventures LLC[1] initiated the above-

---

[1] On October 8, 2024, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404] (the "Confirmation Order").

captioned adversary proceeding (the "Adversary Proceeding") by filing the *Complaint for Avoidance and Recovery of Transfers and Obligations Pursuant to 11 U.S.C. §§ 105, 544, 548, and 550 and Del. Code Ann. Tit. 6, §§ 1304 and 1305, for Unjust Enrichment, for Breach of Contract, for Breach of Fiduciary Duties, for Aiding and Abetting Breach of Fiduciary Duties, and for Disallowance of Claims Pursuant to 11 U.S.C. § 502* [Adv. D.I. 1] (the "Complaint"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. On January 24, 2025, Defendants SkyBridge Capital II, LLC, SkyBridge GP Holdings LLC, Digital Macro Fund LP f/k/a SkyBridge Coin Fund LP, SALT Venture Group LLC, Anthony Scaramucci, and Brett Messing (each a "Defendant" and collectively, "Defendants") filed a *Motion to Compel Arbitration and to Dismiss and/or Stay* [Adv. D.I. 22] along with their opening brief in support thereof [Adv. D.I. 23] (the "Motion to Compel"), totaling 56 pages.

3. In tandem with their Motion to Compel, Defendants filed a *Motion to Exceed the Page Limit with Respect to the Memorandum of Law in Support of Defendants' Motion to Compel Arbitration and to Dismiss and/or Stay* [Adv. D.I. 25] to authorize the 26 additional pages of their Motion to Compel. The Court granted this motion on February 13, 2025 [Adv. D.I. 37].

4. Contemporaneously herewith, Plaintiff has filed *Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Compel Arbitration and to Dismiss and/or Stay*

---

On January 3, 2025, the *Debtors' Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [D.I 26404-1] (the "Plan") became effective [D.I. 29127]. On that date, pursuant to § 5.7 of the Plan, the FTX Recovery Trust was established and, pursuant to § 5.17 of the Plan and ¶ 51 of the Confirmation Order, all Causes of Action and the right to enforce such Causes of Action vested exclusively in the FTX Recovery Trust, as defined therein. On February 12, 2025, the FTX Recovery Trust filed a *Notice of Substitution of Plaintiff* [Adv. D.I. 35] in accordance with the Bankruptcy Court's order authorizing substitution [D.I. 29554], substituting the FTX Recovery Trust as plaintiff in this adversary proceeding.

(the "Memorandum in Opposition") responding to all arguments made by Defendants in their Motion to Compel. The as-filed Memorandum in Opposition is 53 pages.

## RELIEF REQUESTED

5. By this Motion, Plaintiff respectfully requests entry of an order, substantially in the form attached hereto as Exhibit 1 (the "Proposed Order"), authorizing Plaintiff to exceed the page limit requirement for the Memorandum in Opposition.

## BASIS FOR RELIEF

6. Local Rule 7007-2(a)(iv) provides that "no opening or answering brief shall exceed thirty (30) pages in length." Del. Bankr. L.R. 7007-2(a)(iv). However, Local Rule 7007-2(a)(iv) also provides that an opening or answering brief may exceed thirty (30) pages with leave of the Court. Del. Bankr. L.R. 7007-2(a)(iv).

7. Plaintiff has filed its Memorandum in Opposition simultaneously with the filing of this Motion. The Memorandum in Opposition is 53 pages and sets forth the bases for denying the Motion to Compel.

8. Although Plaintiff has made the Memorandum in Opposition as succinct as possible, it is unable to provide the Court with the information necessary for the full and fair adjudication of the Motion to Compel within the 30-page limit. Defendants' 56-page memorandum in support of their Motion to Compel includes various legal and factual arguments advancing theories for at least three different forms of relief. The Court previously recognized the complexity of the issues in the Motion to Compel by granting Defendants' associated motion to extend their page limits.

9. Put simply, the number, scope, length, and complexity of the factual and legal arguments asserted in the Motion to Compel make it impossible for Plaintiff to respond

appropriately within the confines of the 30-page limit prescribed by the Local Rules. It is equitable to grant Plaintiff a similar page extension for their Memorandum in Opposition as was granted to Defendants.

10. Authorizing Plaintiff's Memorandum in Opposition to exceed the page limitation set under Local Rule 7007-2 is reasonable and appropriate under the circumstances. Plaintiff submits that there is more than ample justification for the relief requested herein.

# CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter the Proposed Order, substantially in the form submitted herewith (i) granting Plaintiff leave for the Memorandum in Opposition to exceed the page limitation imposed by Local Rule 7007-2 and (ii) granting such other and further relief as is just and proper.

Dated: April 8, 2025
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
Matthew B. McGuire (No. 4366)
Howard W. Robertson, IV (No. 6903)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       cobb@lrclaw.com
       mcguire@lrclaw.com
       robertson@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Stephen Ehrenberg (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Justin J. DeCamp (admitted *pro hac vice*)
Christopher J. Dunne (admitted *pro hac vice*)
Jacob M. Croke (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: ehrenbergs@sullcrom.com
       gluecksteinb@sullcrom.com
       decampj@sullcrom.com
       dunnec@sullcrom.com
       crokej@sullcrom.com

*Counsel for Plaintiff*